UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JENNIFER WARREN and SHANDRY ROSE individuals<br><br>Plaintiffs,<br><br>v.<br><br>ATTORNEY GENERAL OF IDAHO, LAWRENCE WASDEN;<br>BOISE POLICE DEPARTMENT;<br>ADA COUNTY PROSECUTORS;<br>BOISE CITY PROSESCUTORS and FACES OF HOPE VICTIMS CENTER<br><br>Defendants. | Case No. 1:23-cv-00116-DCN<br><br>**INITIAL REVIEW ORDER** |

**I. INTRODUCTION**

Before the Court is Plaintiff Jennifer Warren's Application for Leave to Proceed in Forma Pauperis.[1] Dkt. 2. Under 28 U.S.C. § 1915, the Court must review Warren's request to determine whether she is entitled to continue in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013).

For the reasons below, the Court DENIES the application.

---

[1] Though Shandry Rose is named in the caption as a plaintiff, she did not file an Application for Leave to Proceed in Forma Pauperis or provide the required financial disclosures, so she is not addressed in this Initial Review Order for Warren.

ORDER – 1

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. 1915(a)(1). Plaintiffs granted this privilege are said to proceed in the form of a pauper, or in forma pauperis. *See In Forma Pauperis*, Black's Law Dictionary (11th ed. 2019).

To qualify for in forma pauperis status, plaintiffs must submit an affidavit that includes a statement of all assets they possess and asserts that they are unable to pay the fee required. The affidavit is sufficient if it states that the plaintiffs, because of their poverty, cannot "pay or give security for the costs" and still provide themselves and their dependents "with necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

Though a litigant need not be destitute to proceed in forma pauperis, "even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Esquer v. Educ. Mgmt. Corp.*, 2017 WL 11453700, at *1 (S.D. Cal. June 26, 2017) (quoting *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984)).

When multiple plaintiffs file a complaint only one filing fee need be paid. However, "if multiple plaintiffs seek to proceed in forma pauperis, each plaintiff must qualify for IFP

ORDER – 2

status." *Spencer v. Soc. Sec. Admin.*, 2020 WL 5502159, at *1 (D. Nev. Sept. 10, 2020) (quoting *Anderson v. California*, 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010)).

Here, Warren's affidavit does not state with "particularity, definiteness and certainty" enough facts to establish her indigency. The Court has two concerns.

First, Warren's affidavit shows that she has enough money to pay the fee without foregoing the necessities of life. She alleges that she receives $1,256.00 in monthly income from welfare and disability. Dkt. 2, at 2. Her listed monthly expenses, which are both modest and necessary, total $1215.00. *Id.* at 4. Warren's listed assets include a Cashapp account with stocks valued at $500.00 and two vehicles, one with no listed value and the other allegedly valued at $4,000.00. *Id.* at 3. The part of her application where she may explain additional financial hardship is blank. *Id.* at 5. Given that Warren's income compared to her expenses leaves her with an excess income of $41.00 per month, and that she has relatively liquid assets in Cashapp stocks as well as two vehicles, the Court finds that Warren has the capacity and means to pay the filing fee.

Second, and most concerning to the Court, the Plaintiffs' application only includes the financial information of Warren and fails to provide any information regarding Shandry Rose's financial situation.[2] Because both Warren and Rose are plaintiffs in the caption, it is incumbent on both to either submit individual qualifying applications, determine between themselves how the required fees will be paid, or, if only one applicant qualifies,

---

[2] Though the Plaintiffs may have intended their application (Dkt. 2) to serve as a joint form that detailed the combined financial situation of both parties, such an intention is not clear from the face of the application itself since only Jennifer Warren signed the application. As such, the Court treats the application as if it is devoid of any information regarding Shandry Rose's financial situation.

ORDER – 3

either divide out the complaint or have the non-qualifying person pay the filing fee.

For the above reasons, the application is DENIED.

### III. CONCLUSION

Because Warren has failed to establish her indigency, her Application for Leave to Proceed in Forma Pauperis is DENIED. Warren and Rose must either pay the filing fee or submit new affidavits with more or different information before proceeding with service in this case. If they do neither within 60 days, their complaint will be dismissed.

### IV. ORDER

1. Warren's Application for Leave to Proceed in Forma Pauperis (Dkt. 2) is DENIED. Plaintiffs must pay the filing fee or submit updated applications before effecting service in this case.

2. If Plaintiffs have not filed a new application or paid the filing fee within 60 days of the issuance of this order, the Court will dismiss the Complaint.

DATED: June 8, 2023

_____
David C. Nye
Chief U.S. District Court Judge